IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANGELO JOLLEY, | * | |
| Petitioner | * | |
| v | * | Civil Action No. PJM-11-2509 |
| KATHLEEN GREEN | * | |
| Respondent | * | |

**MEMORANDUM OPINION**

On September 7, 2011, Angelo Jolley filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the awarding of diminution of confinement credits and calculation of his maximum release date. ECF No. 1.  Respondent moves to dismiss the Petition on the basis that Jolley has failed to exhaust his claim in state court and/or his claims have been procedurally defaulted.  ECF No. 8.

**Background**

Jolley is a state inmate currently confined at the Eastern Correctional Institution-Annex in Westover, Maryland.  He challenges the Division of Correction's calculation of his diminution of confinement credits and his projected mandatory release date.  He contends that diminution credits awarded prior to his parole in January 2002 were improperly rescinded upon the revocation of parole after he was sentenced to imprisonment for a crime committed while on parole.  ECF No. 1, *See* Md. Code Ann. Corr. Servs. § 3-711 ("If an inmate is convicted and sentenced to imprisonment for a crime committed while on parole and the parole is revoked, diminution credits that were awarded before the inmate's release on parole may not be applied toward the inmate's term of confinement on return to the Division.")

1

Jolley filed a petition for writ of habeas corpus in the Circuit Court for Somerset County in March 2011 concerning the same claims raised here. ECF. 1. That petition was dismissed by the Circuit Court and Petitioner did not appeal that dismissal. ECF No. 1 & ECF No. 8, Ex. 1 & 2.

**Analysis**

Violation of a state law which does not infringe upon a specific constitutional right is cognizable in federal habeas corpus proceedings only if it amounts to a "fundamental defect which inherently results in a complete miscarriage of justice." *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). If a "claim . . . rests solely upon an interpretation of [state] case law and statutes, it is simply not cognizable on federal habeas review." *Wright v. Angelone*, 151 F. 3d 151, 157 (4th Cir. 1998); *see also Smith v. Moore*, 137 F.3d 808, 822 (4th Cir. 1998) (refusing to entertain claim that jury instruction misstated South Carolina law).

Assuming Jolley has presented a federal question here, his petition becomes subject to the exhaustion requirement of 28 U.S.C. § 2254(b), which applies to petitions filed pursuant to 28 U.S.C. §2241. *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to 2241 petition challenging civil commitment). Thus, before seeking federal habeas corpus relief, Jolley must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U. S. 509, 521 (1982). Each claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling

legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). Exhaustion includes appellate review in the Maryland Court of Special Appeals and where appropriate the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts must be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).

Jolley may seek relief directly from the Maryland courts by filing a petition for a writ of habeas corpus. *See Maryland House of Correction v. Fields*, 703 A.2d 167, 175 (1997). He may appeal a circuit court's decision denying habeas corpus relief to the Maryland Court of Special Appeals, and may thereafter seek *certiorari* in the Maryland Court of Appeals. *See generally Stouffer v. Pearson*, 887 A.2d 623 (2005); *Stouffer v. Staton*, 833 A.2d 33 (2003); *Jones v. Filbert*, 843 A.2d 908 (2004). There is no dispute that Jolley failed to appeal the circuit court's denial of habeas relief and as such his claims have not been fully exhausted.

Jolley has no absolute entitlement to appeal this court's denial of his habeas corpus request. *See* 28 U.S.C. § 2253(c) (1). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at §2253(c) (2). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless Petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (*quoting Slack v. Daniel*, 529 U.S. 473, 484 (2000)). Jolley has failed to demonstrate entitlement to a COA in the instant case.

**Conclusion**

Accordingly, based upon the foregoing reasons, the habeas corpus relief requested shall be denied without prejudice and dismissed as unexhausted. A Certificate of Appealability shall not issue and the Clerk shall be directed to close this case.

March 14, 2012

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE